Mr. Marcus C. Devine, Director Arkansas Department of Environmental Quality 8001 Natural Drive Post Office Box 8913 Little Rock, AR 72219-8913
Dear Mr. Devine:
I am writing in response to your request for my opinion on several questions concerning the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101 through -109 (Repl. 2002, Supp. 2003, Acts 259, 1994, and 2003 of 2005)). Your questions pertain, specifically, to an FOIA request that your office received involving e-mail correspondence. You have provided a copy of the FOIA request, which asked that "all emails sent and received by [a number of named Arkansas Department of Environmental Quality, hereinafter "Department," officers and employees] be compiled and saved to a DVD 4.7 gigabyte compact disc for all dates possible." Letter from Chris P. Corbitt to ADEQ (June 25, 2005). You have expressed concerns regarding the magnitude of the request, which reportedly involves tens of thousands of stored e-mail messages. You note in this regard that it must initially be determined whether the records are "public records" covered by the FOIA, and whether any exemptions apply.
You have asked the following questions in light of these concerns:
 1. May each individual determine whether his or her e-mails constitute a public record?
 2. What criteria should an individual use to determine which e-mails are public records and which e-mails are not?
 3. May each individual determine what information in the remaining e-mail messages must be redacted or segregated and what criteria should be used to make that determination?
 4. If each individual may not make those determinations would you please provide guidance on what process must be followed?
 5. Finally, is any electronic mail received after the receipt of the FOI request subject to that request?
RESPONSE
I will address your first four questions together, as each relates to the process to be followed in responding to this FOIA request. To summarize my responses, the answer to your first three questions is generally "no," in my opinion, because the FOIA contemplates that the custodian, not the individual employees, will determine these matters. The custodian probably has the practical option of obtaining the employees' factual input in making these determinations. And because the Department is ultimately responsible for the decisions that are made in complying with the FOIA, it may wish to develop some policy or procedure in this regard. Clearly, however, the individual employees are not authorized to make the necessary legal judgments in providing the requested records. With regard to your fifth question, it is my opinion that the answer is "no" as long as the agency complies with the applicable time period(s) in making available those public records that were in existence when the request was received.
Question 1 — May each individual determine whether his or her e-mailsconstitute a public record?
Question 2 — What criteria should an individual use to determinewhich e-mails are public records and which e-mails are not?
Question 3 — May each individual determine what information in theremaining e-mail messages must be redacted or segregated and whatcriteria should be used to make that determination?
Question 4 — If each individual may not make those determinations wouldyou please provide guidance on what process must be followed?
The FOIA requires that "[e]xcept as otherwise specifically provided . . . all public records shall be open to public inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." A.C.A. § 25-19-105(a)(1)(A) (emphasis added). When addressing your questions in light of this requirement, it is important to first remember that the FOIA establishes a presumption that "[a]ll records maintained in public offices or by public employees within the scope of their employment" are "public records." A.C.A. §25-19-103(5)(A) (Supp. 2003).[1] This presumption is set forth in definition of "public records" which states:
 (A) `Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
 (B) `Public records' does not mean software acquired by purchase, lease, or license[.]
A.C.A. § 25-19-103(5) (emphasis added).
As I and my immediate predecessor have had occasion to observe, the above-emphasized second sentence establishes a presumption of public record status for "records maintained in public offices or by public employees within the scope of their employment . . . [,]" which presumption can be rebutted if the records do not otherwise fall within the definition found in the first sentence, i.e., if they do not "constitute a record of the performance or lack of performance of official functions. . . ." See Op. Att'y Gen. Nos. 2005-095 (rejecting the proposition that e-mails using a public account are per se public records and subject to automatic disclosure under the FOIA); 2000-220 (regarding a letter received by an alderman at his personal address); 91-374 ("private notes" of a public employee). See also J. Watkins R. Peltz, The Arkansas Freedom of Information Act 91 (mm Press, 4th ed. 2004) (observing that "the legislature apparently did not intend that every record maintained by an agency be subject to public inspection, because the `performance' language in Section 25-19-103(5)(A) limits the term `otherwise kept.'")
Additionally, I believe it is important to recognize that although the "performance" limitation means that there is no automatic disclosure requirement, the agency nevertheless has the burden of establishing that the presumption is overcome, i.e., that the requested records do not infact "constitute a record of the performance or lack of performance of official functions. . . ." See Op. 2005-095, supra. C f. Gannett RiverStates Pub. v. Ark. Ind. Dev. Comm'n, 303 Ark. 684, 799 S.W.2d 543 (1990) (burden was on agency to prove that it correctly decided records were exempt from disclosure).
I assume you are familiar with the e-mails' presumptive "public record" status in this instance, and that your questions are prompted by the anticipated rebuttal of that presumption based upon the "performance" limitation noted above. I believe it is conceivable, given the unique properties of e-mail as a communication device, that some of the requested e-mails may not "constitute a record of the performance or lack of performance of official functions. . . ." The question is what procedure to follow in identifying the records that you anticipate fall outside the definition. The question is perhaps complicated by the magnitude of this particular FOIA request, which you describe as involving tens of thousands of e-mails.
Your first three questions ask whether each individual employee may determine which records are open to disclosure and what information must be redacted or segregated; and if they may make these determinations, what criteria they should use. This is not specifically addressed by the FOIA. But the various duties assigned to the "custodian" of the records compel me to conclude that the individual employees generally may not determine these matters. The "custodian" is defined as "the person having administrative control of [the] record." A.C.A. 25-19-103(1)(A). The act sets forth the definition of "public records" and contemplates that thecustodian will locate records upon receipt of a FOIA request. See A.C.A. § 25-19-105(a)(1)(A) and (2) (Supp. 2003). The act is even more explicit in imposing duties on the custodian with respect to evaluation and job performance records. Id. at (c)(3)(A) (requiring the custodian to "determine within twenty-four (24) hours of the receipt of the request, whether the records are exempt. . . .") The custodian is also responsible for separating exempt from non-exempt information, as reflected in the requirement that "the custodian shall bear the cost of the separation."Id. at (f)(4). Additionally, if she has the necessary duplicating equipment, the custodian must provide copies of public records. Id. at (d)(2)(A). The act states that a fee is authorized for this purpose, but any such fee may not include the cost of separating exempt from non-exempt information. Id. at (f)(4).
The act thus refers in several critical respects to the "custodian" and his or her duties. It is these duties upon which I base my conclusion that the individuals whose e-mails have been requested may not determine whether the records' presumptive "public record" status is overcome. This is a job for the custodian of the records. Similarly, I believe it would be contrary to the FOIA to allow the individuals to determine what record(s) or information is exempt from disclosure.
This is not to say, however, that the custodian cannot seek the input of the individual employees. This concerns your fourth question, regarding the process to be following in responding to the FOIA request. The FOIA does not specify how the custodian is to perform the assigned duties. As a general matter, I believe the custodian may work with the employees in making the necessary determinations, but that any such process is limited to identifying and resolving factual issues. Such issues might include, for instance, the specific circumstances or context in which the e-mail was generated. Additionally, as the entity ultimately responsible for the decisions that are made in complying with the FOIA, the Department is authorized in my opinion to establish a policy or a procedure to guide the custodian in handling FOIA requests. It may be that out of necessity, due to practical considerations, the Department in this instance decides to establish a procedure that incorporates input from the individual officers and employees whose e-mail is at issue. I find nothing to prevent such a procedure, as long as it is recognized that the ultimate legal decision(s) cannot be relegated to the employees.
Another cautionary reminder is that no records should be destroyed. This office has previously opined that the destruction of records after receipt of a FOIA request is a violation of the FOIA. See Op. Att'y Gen.2002-228 (and opinions cited therein). It may also constitute the felony offense of "tampering with a public record." A.C.A. § 5-54-121 (Supp. 2003). Finally, anything short of full disclosure can of course lead to judicial review. See A.C.A. § 25-19-107. If the Department does not provide access to all of the e-mails, it must be prepared to sustain its burden of proving that it correctly decided certain e-mails are not "public records" or are otherwise not subject to disclosure. See generallyGannett River States Pub., supra.
Question 5 — Finally, is any electronic mail received after the receiptof the FOI request subject to that request?
The request in this instance seeks "all e-mails sent and received by the individuals . . . for all dates possible." I have no further information regarding the request; but without clarification, I assume the requester wants all e-mails for the entire period of employment. It is my opinion that such a request generally would encompass e-mails sent or received up to the time the Department received the FOIA request.
A qualification attends this conclusion. This assumes that the agency complies with the applicable time period(s) in making available those records that were in existence when the request was received. The FOIA applies to records that are "required by law to be kept or otherwise kept . . . [;]" and as discussed above, it establishes a presumption that "[a]ll records maintained in public offices or by public employees within the scope of their employment" are "public records." A.C.A. §25-19-103(5)(A). The general time period for making such records available is stated as follows:
 If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter.
A.C.A. § 25-19-105(e).
If personnel or employee evaluation records are involved, reference must be made to A.C.A. § 25-19-105(c)(3), which sets forth particular procedures governing the release of such records, including an option affording this office's review of the custodian's decision.
If the agency follows these procedures, I believe it will be under no obligation to locate records that did not exist when the request was received. With this understanding, therefore, the answer to your final question is "no," in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Section 25-19-103 was amended by Act 259 of 2005 for purposes that are not relevant to your questions.